# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| **VIRGILIO CRUZ-RODRIGUEZ**, | ) |
| | ) |
| Claimant-Below, | ) C.A. No.: N22A-01-004 FJJ |
| Appellant | ) |
| | ) CITATION ON APPEAL |
| v. | ) FROM THE DECISION OF |
| | ) THE INDUSTRIAL |
| **B & F PAVING, INC.**, | ) ACCIDENT BOARD OF THE |
| | ) STATE OF DELAWARE |
| Employer-Below, | ) NEW CASTLE COUNTY, |
| Appellee. | ) HEARING NOS. 1511766 |

Submitted: July 11, 2022
Decided: August 8, 2022

## OPINION AND ORDER

## UPON CONSIDERATION OF APPELLANT'S APPEAL OF THE DECISION OF THE INDUSTRIAL ACCIDENT BOARD
## <u>AFFIRMED</u>

*Rachel D. Allen, Esquire and Gary S. Nitsche, Esquire,* Nitsche & Fredricks, LLC, 305 N. Union Street, Second Floor, P.O. Box 2324, Wilmington, Delaware, 19899

*Christopher T. Logullo, Esquire,* Law Office of Cobb & Logullo, 3 Mill Road, Suite 301, Wilmington, Delaware, 19806

Jones, J.

Appellant Virgilio Cruz-Rodriguez ("Rodriguez") appeals from a decision of the Industrial Accident Board ("Board" or "IAB"). Rodriguez asks this Court to reverse a decision of the IAB which found that Rodriguez had failed to meet his burden to prove that a work related injury occurred on April 14, 2021 while working for B & F Paving, Inc. ("B&F"), his former employer and the Appellee in this case. Rodriguez claims that the IAB could not have reached its conclusion based on the evidence which was presented at Rodriguez's hearing before the Board.

The record reflects that the IAB's factual determinations were based on substantial evidence, and Rodriguez has not alleged that the IAB committed any errors of law in its decision. Therefore, the IAB's decision is **AFFIRMED**.

## PROCEDURAL HISTORY

On June 1, 2021, Rodriguez filed a Petition to Determine Additional Compensation Due seeking a finding that his neck injury, which he underwent chiropractic and a transforaminal epidural injection for, was a result of an injury he received when lifting a piece of heavy equipment for his then-employer, B&F, on April 14, 2021. B&F disputed Rodriguez's claim that his neck injury was a result of him lifting a piece of heavy equipment in the course and scope of his employment. The IAB held a hearing on the matter on December 14, 2021.

During the hearing, Rodriguez testified on his own behalf. Jesus Vazquez, an employee of B&F and co-worker of Rodriguez, testified on behalf of B&F. Two

2

medical experts also presented testimony by deposition. Dr. McPhatter, one of Rodriguez's treating physicians testified on his behalf. Dr. Brokaw testified on B&F's behalf.

On December 22, 2021, the Board issued a Decision on Rodriguez's Petition to Determine Compensation Due (the "Decision"). The Board's Decision denied Rodriguez's claim and found that he had not met his burden of proving that a work related injury occurred on April 14, 2021 rather than other factors. Rodriguez filed a Notice of Appeal of the Decision to the Superior Court, and the parties submitted briefing on the matter. The matter is now ripe for decision.

**STANDARD OF REVIEW**

In its capacity as an appellate court for IAB appeals, the Superior Court's task is limited to determining whether the Board's decision was supported factually by substantial evidence and free from errors of law.[1] Substantial evidence means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] Applying the substantial evidence standard "[r]equires the reviewing court to search the entire record to determine whether, on the basis of all the testimony and exhibits before the agency, it could fairly and reasonably reach the conclusion that it did."[3] The Superior Court will give factual decisions of the Board

---

[1] *DiSabatino Bros., Inc v. Wortman*, 453 A.2d 102, 105 (Del. Super Ct. 1982).
[2] *Bullock v. K-Mart*, 1995 WL 339025, at *2 (Del. Super. Ct. May 5, 1992).
[3] *National Cash Register v. Riner*, 424 A.3d 669, 674-75 (Del. Super. Ct. 1980).

substantial deference, and will consider the record in a light most favorable to the Board. In so doing the Superior Court will not weigh the evidence presented below, evaluate the credibility of witnesses, or make its own factual findings.[4] On appeal, this Court will not substitute its judgement for that of the Board, even if the reviewing judge would have come to a different conclusion on the merits.[5] Alleged errors of law by the Board are reviewed *de novo*.

## FACTUAL RECORD

Until suffering an injury in 2021, Rodriguez was employed by B & F Paving as a general laborer. Rodriguez performed services related to paving work including lifting, moving, paving and other manual labor-related tasks.

Rodriguez alleged that he sustained injuries to his neck and back on April 14, 2021 while working in the course and scope of his employment. Rodriguez alleged that the injury occurred while moving the walker, a specialized piece of paving equipment, from the truck to the ground. Rodriguez was lifting the walker with a co-worker, Jesus Vazquez ("Vazquez"). Rodriguez claimed to experience pain in his shoulder, neck and chest. He indicated that he could not breathe, fell to the ground, and could not remember anything until arriving in the emergency room. Rodriguez testified that another co-worker, Rogelio Vega ("Roy") was a few meters away at

---

[4] *DeAndre Christopher v. Unemployment Insurance Appeal Board*, 2020 WL 6439135, at *1 (Del. Super. Ct. Oct. 28, 2020).
[5] *Warren v. Amstend Industries, Inc.*, 2020 WL 4582504 (Del. Super. Ct. 2020).

4

the time of the incident. Rodriguez claimed he collapsed at about 10:45am when he was beginning work. Rodriguez also confirmed that prior to the April 14 event, he never had any neck or back pain or treatment and had never passed out or lost consciousness, nor has he had any chest/heart issues or episodes of passing out since the incident.

Vazquez, Rodriguez's co-worker, also testified at the IAB hearing. The timeline of events as stated by Rodriguez and Vazquez differed in almost every respect, except that they both testified that Roy was the one who called 911 and Roy was not on site when Rodriguez and Vazquez moved the machine. Vazquez did not confirm that Rodriguez was injured while lifting the machine. Instead, Vazquez testified that they (him and Rodriguez) arrived at the job site at 8:40am and moved the machine from a truck to the ground shortly thereafter. Vazquez indicated that Roy was not at the job site when he and Rodriguez first arrived but that he arrived shortly after he and Rodriguez moved the machine. Vazquez claimed that Rodriguez and Roy helped him with other tasks at the job site while waiting for paving materials to be delivered. After the work was finished, they sat while still waiting for the materials to arrive. It was Vazquez's testimony that it was during this wait time that Rodriguez collapsed, not when the machine was moved. Vazquez also testified that Rodriguez allegedly advised him that he had an episode of syncope (passing out) happen at least once before.

Following this incident, Rodriguez followed up with his primary care physician, Dr. Navarro, on April 22, 2021. Dr. Navarro's documentation from the visit represents that Rodriguez experienced a syncopal episode. Rodriguez was referred out to physical therapy and began treatment with Dr. McPhatter. Dr. McPhatter is licensed in chiropractic treatment and a certified provider under Delaware Workers' Compensation Guidelines. Dr. McPhatter testified by deposition on Rodriguez's behalf. Rodriguez was then referred to First State Orthopedics where he was seen by Dr. Julio. After an MRI showed a disc bulge in the area of C4-5, Rodriguez was administered a cervical transforaminal injection on October 22, 2021. Dr. Brokaw, a physician board-certified in physical medicine and rehabilitation as well as pain management, testified by deposition on behalf of B&F. Dr. Brokaw reviewed Rodriguez's medical records in connection with his visitation.

At the IAB hearing, neither expert disputed that Rodriguez suffered an injury to his neck. Instead, the outcome of the case was determined by causation. Both experts agreed that Rodriguez's injury was a result of the lifting event. Dr. McPhatter testified that her causation opinion – that Rodriguez suffered a work-related injury – was based on the facts as presented by Rodriguez. Dr. Brokaw also testified that it was possible Rodriguez suffered from a work-related injury as a result of lifting the machine. However, Dr. Brokaw testified that it was impossible to determine whether

Rodriguez's injury was a product of lifting the machine or the syncopal episode. Dr. Brokaw opined that either or were likely causes of the injury.

## ANALYSIS

In this case, Rodriguez claims that "the Board's decision denying the Claimant's Petition was against the great weight of evidence as Claimant has been consistent with the mechanism of injury, employer's expert agreed the mechanism of injury could cause the injury, and employer's witness presented inconsistent testimony."[6] In other words, Rodriguez asks this Court to conclude that the Board made an error in its factual determinations rather than an error of law. The factual disputes in this case ultimately come down to conflicting testimony by Rodriguez and Vazquez relating to what happened on April 14, 2021.

As Claimant, Rodriguez bore the burden of proving to the IAB that he had suffered an injury in the course and scope of his employment for B&F. The Board found that Claimant had not met his burden, and therefore denied his Petition. First, this Court notes that Rodriguez's consistency in the mechanism of his injury does not equate to substantial evidence that his version of events is true. It was within the discretion of the Board to determine Rodriguez's credibility, and the record reflects that, irrespective of Rodriguez's consistency, the Board found him not credible.

---

[6] Appellant's Opening Brief at 8.

Next, in support of his appeal, Rodriguez points to the testimony of B&F's expert, Dr. Brokaw, who agreed the mechanism of injury could cause the injury. After assessing Rodriguez and reviewing his relevant medical records, Dr. Brokaw testified that he determined Rodriguez suffered a work-related cervical and left shoulder blade muscle strain and underlying disc bulge as a result of the industrial accident of April 14, 2021.[7] Dr. Brokaw testified that Rodriguez experienced a syncopal episode, which his cigarette and marijuana use could be contributing factors to.[8] Dr. Brokaw went on to explain that syncope is the act of passing out or losing consciousness and a multitude of factors can bring about such an event.[9] However, this was not the extent of Dr. Brokaw's opinion. Dr. Brokaw further testified that his causation opinion could be affected if the facts of the case were different than Rodriguez's account.[10] Ultimately, Dr. Brokaw opined that Rodriguez is just as likely to have suffered his muscle strain when he fell down from the syncopal event as lifting the machine for B&F given the factual dispute as to the events of that day.[11]

Rodriguez argues that the Board did not provide any reason for its finding that Vazquez's testimony was more convincing and credible than that of Rodriguez.

[7] A10-11.
[8] A11.
[9] *Id.*
[10] A11-12.
[11] A13.

Further, Rodriguez argues that the Board did not determine the credibility of one witness over another witness, but instead determined the credibility over one part of the witness's testimony over that of a later part of that same witness's testimony. Again, this Court notes that the mere fact that Rodriguez's testimony was more consistent than that of Vazquez does not necessarily equate to substantial evidence. Moreover, this Court does not have the authority to substitute its own credibility determination in place of the Board's.

It was entirely within the Board's discretion to determine, based on the evidence before it, that Vazquez's timeline of April 14 was more convincing and credible than Rodriguez's, despite Vazquez's discrepancies in his testimony. This Court also notes that Rodriguez's argument is mistaken and the Board did, in fact, provide a reason for its determination that Vazquez was more credible than Rodriguez. The Board stated, "[g]iven the undisputed testimony that Roy called 911 and that Roy was not even on site when claimant and Mr. Vazq[u]ez moved the equipment, Claimant's version of events is difficult to reconcile."[12] Vazquez testified that Roy was not present at the time Rodriguez and him lowered the walker.[13] Vazquez also testified that all three of them (Rodriguez, Roy, and Vazquez) arrived at the site at the same time, and that Roy helped him loosen the

---

[12] A16.
[13] A67.

chains on the machine.[14] Despite Rodriguez's assertion, this Court does not find, based on a review of the record, that Vazquez waivered in his testimony that *at the time the walker was lifted from the truck to the ground*, only Vazquez and Rodriguez were present. Thus, the Board was not required to specify reasons for discounting part of Vazquez's testimony, where Vazquez's testimony, at least as to Roy's whereabouts at the time the walker was lifted from the truck to the ground, was consistent.

Lastly, based on the Board's credibility determination, it was also entirely within its discretion to weigh the medical experts' testimony in lieu of Vazquez's timeline of April 14.

Both experts agreed that, assuming the facts presented by Rodriguez as true, Rodriguez likely experienced some injury, muscle sprain and/or C4-5 disc bulge as part of the lifting event on April 14. However, the Board did not accept the facts as presented by Rodriguez as true. Instead, the Board accepted the facts as presented by Vazquez as true. Again, both medical experts testified that their causation opinion could change if the facts changed, and Dr. Brokaw ultimately opined that Rodriguez could have been injured from lifting the machine or the syncopal episode.

The Board went on to further explain the rationale of the Decision stating that:

I cannot find that he passed out immediately upon lifting the walker as the uncontroverted testimony is that Roy is the one who called 911 and

[14] A61, A63.

10

Roy was not even on scene when Claimant and Mr. Vazq[u]ez lifted the walker from the truck. Like Dr. Brokaw, I think Claimant may have suffered some injury on the job site on April 14, 2021, but he has failed to prove that he sustained any injury while actually acting within the course and scope of his employment as opposed to some random episode of syncope which Claimant allegedly advised Mr. Vazq[u]ez had happened at least once.[15]

Based on the foregoing, this Court finds that the record reflects substantial evidence exists sufficient to justify the Board's conclusion. It is not the role of this Court in its appellate capacity to weigh the significance of this testimony, evaluate its credibility or to substitute its own judgment for that of the IAB.

## CONCLUSION

The record in this case provides substantial evidence for the findings of fact contained in the Board's December 2021 Decision. In light of the evidence in the record justifying the IAB's Decision and the absence of any errors of law, the IAB's Decision is hereby **AFFIRMED**.

**IT IS SO ORDERED.**

*/s/ Francis J. Jones, Jr.*
Francis J. Jones, Jr., Judge

/jb
*via File N' Serve Xpress*

---

[15] A17.